## Fortney v. Sunbury Foods, Inc.

*Robert McK. Glass*, for plaintiff.

*Sanford S. Marateck*, for defendant.

TROUTMAN, J., November 5, 1965.—Plaintiff filed this action in assumpsit against defendant to recover the cost of goods sold and delivered by him to defendant. Paragraph two of the complaint alleges that plaintiff is an individual who engages in business under the trade name of Fortney Paper Company. This paragraph likewise discloses plaintiff's business address as

being in Mechanicsburg Borough, Cumberland County, Pa.

Defendant has filed preliminary objections to the complaint in the nature of a demurrer and in the nature of a motion to strike off the complaint. The reason assigned in support of the preliminary objection in the nature of a demurrer is that the complaint fails to state a cause of action because it does not plead that plaintiff is duly registered under the provisions of the Fictitious Names Act of May 24, 1945, P. L. 967, sec. 4.

It should be noted that the preliminary objection does not claim that plaintiff has not complied with the provisions of the act, but merely claims that the failure to plead the registration results in the failure to state a good cause of action. Plaintiff is not required to plead compliance with the Fictitious Names Act in his complaint. Noncompliance with the statute is a substantial defense which defendant must plead and prove. It cannot be raised by a demurrer or a motion to strike: H. & H. Undergarment Company v. Atkins Stores Co., 55 Schuyl. 190, 191.

In the instant case, defendant does not claim that plaintiff has not registered under the Fictitious Names Act but only contends that there is no averment in the complaint that he has complied with the same. There are numerous cases which hold that failure of a party to comply with the provisions of the act is a subject to be attacked by a preliminary objection. However, these cases are not such as deal with a failure to aver compliance, but are preliminary objections raising the question of lack of capacity to sue because of plaintiff's failure to comply with the act. See Alleman v. Lowengart, 63 D. & C. 430; Marks v. McConnell, 68 D. & C. 322. A preliminary objection in the nature of a demurrer is not the proper way to raise a question of lack of capacity to sue, but should be done by a petition raising the defense of lack of capacity to sue. See Pennsylvania Rule of Civil Procedure 1017(b) (5).

The burden of proving noncompliance with the act is upon defendant in this case, and if plaintiff has not complied with the act, he can raise it in a responsive pleading. Therefore, defendant's preliminary objection in the nature of a demurrer must be dismissed.

Defendant assigns four reasons in support of its preliminary objection in the nature of a motion to strike off the complaint. These reasons pertain to the verification of plaintiff's complaint averring that the verification does not comply with the provisions of rule 1002 in that it is made by the attorney rather than plaintiff. The second reason assigned by defendant is that the verification of plaintiff's complaint is in violation of Pa. R.C.P. 1024(c) in that it fails to state that the party lacks sufficient knowledge or information or is out of the jurisdiction of the court so that the verification cannot be obtained within the time allowed for filing the pleading. Reasons three and four aver that there are no provisions in the Pennsylvania Rules of Civil Procedure for the making of an affidavit to a complaint by a power of attorney, and that the power of attorney in this case does not authorize Robert McK. Glass to verify the complaint.

The affidavit to the complaint was taken by Robert McK. Glass and states that he is the properly constituted attorney-in-fact for Dexter W. Fortney, plaintiff, pursuant to a power of attorney executed November 12, 1964, a copy of which is attached to the complaint. It further recites that he is authorized to, and does, make this affidavit on behalf of his principal and that the facts set forth in the complaint are true upon affiant's information and belief. Rule 1002 provides that any act other than .verification required or authorized by this chapter to be done by a party may be done by his attorney. This rule, in effect, forbids a verification of a complaint by plaintiff's attorney. Rule 1024(c) provides that verification shall be made by one or more of the parties filing the pleading unless all

the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, verification may be made by any person having sufficient knowledge or information and belief, and shall set forth the source of his information as to matters not stated upon his own knowledge, and the reason why the verification is not made by a party.

It is the contention of plaintiff that the complaint in this case was not verified by Mr. Glass as attorney for plaintiff but as an attorney-in-fact, or as one who has been given the power to act in behalf of an individual. He further contends that the affiant, in making the verification, was acting as an individual and not as an attorney representing plaintiff in the action. The rules heretofore set forth pertain to verifications by an attorney representing his client in the action.

The Rules of Civil Procedure are silent as to whether a party, by virtue of a power of attorney, can authorize someone to act in his name and stead. There is attached to the complaint a power of attorney signed by plaintiff constituting and appointing Robert McK. Glass, Esq., as his true and lawful attorney to act in his behalf as though he were doing it himself. The affidavit itself states that it was being made by virtue of this written power of attorney. We are of the opinion that such a verification is valid. Any person who has the capacity to act himself in a matter may be a principal with respect to the particular act and appoint another to perform that act on his behalf: 3 Am. Jur. 2d, Agency 19, §9. The Rules of Civil Procedure only pertain to a verification by an attorney at law where an attorney-client relationship exists.

Under these circumstances, we find that the complaint is properly verified, and defendant's preliminary objection in the nature of a motion to strike off the complaint must be dismissed.

487

ORDER

And now, to wit, November 5, 1965, defendant's preliminary objections are hereby dismissed. Leave is granted defendant to file an answer to plaintiff's complaint within a period of 20 days from the date hereof.

Let an exception be noted for defendant.